Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Eastern District of New York

1:20-cv-01852

Michael Ring, individually and on behalf of all others similarly situated,

                Plaintiff,

        - against -

Pervine Foods, LLC,

                Defendant

Complaint

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Pervine Foods, LLC ("defendant") manufactures, distributes, markets, labels and sells cookies and cream whey protein baked bars, under Robert Irvine's Fit Crunch brand ("Product").

2. The Product is available to consumers from retail and online stores of third-parties and is sold in bars of .88g (3.10 oz).

3. The relevant representations include "Robert Irvine's Fit Crunch," "30g Protein," "6g Sugar," "Gluten Free" "Powered by FORTIFX," "Cookies and Cream," and a picture of the Product.



4. The ingredient list on the back panel states:

**INGREDIENTS:** PROTEIN BLEND (WHEY PROTEIN ISOLATE, WHEY PROTEIN CONCENTRATE), SOY PROTEIN ISOLATE, VEGETABLE OILS (PALM AND PALM KERNEL), VEGETABLE GLYCERIN, PALM OIL, SUGAR, MALTITOL, SORBITOL, GELATIN [BOVINE], CORN SYRUP, WATER, AND COCOA (PROCESSED WITH ALKALI). **CONTAINS 2% OR LESS OF THE FOLLOWING:** BROWN RICE FLOUR, EVAPORATED CANE JUICE, SUNFLOWER OIL, MONOGLYCERIDES, TAPIOCA STARCH, SOY LECITHIN, SALT, VANILLA, NATURAL FLAVORS, MALTODEXTRIN, SODIUM CASEINATE, PROPYLENE GLYCOL MONOESTERS, CHOCOLATE LIQUOR, BAKING SODA, CITRIC ACID, WHEY, BETA-CAROTENE, VITAMIN A PALMITATE, ACETYLATED MONOGLYCERIDES, MONO AND DIGLYCERIDES, POTASSIUM SORBATE, SUCRALOSE, NATURAL TOCOPHEROLS, ALMOND, PEANUT, AND SILICON DIOXIDE.

5. Consumers expect ingredients on a product to be declared by their common or usual name that describes their basic source, function and properties. *See* 21 C.F.R. § 101.4(a)(1).

6. Where an ingredient contains the term "juice," consumers expect that ingredient to be derived from a consumable fruit or vegetable.

7. In fact, "juice" is defined as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any

concentrates of such liquid or puree."[1]

8. Fruit and vegetable juices are consumed for their nutritive value as they contain many vitamins and minerals.

9. "Evaporated cane juice," according to the FDA, "suggest[s] that the ingredients are made from or contain fruit or vegetable "juice" as defined in 21 CFR 120.1."[2]

10. However, "evaporated cane juice" has little in common with the types of juices that Americans consume because it is another name for the ingredient commonly known as "sugar."

11. The FDA concluded that where an ingredient is described as "evaporated cane juice," consumers can be, and are misled because "cane juice" refers to a sweetener.

12. By declaring "sugar" by a term which fails to truthfully and non-deceptively describe the source, function and qualities of the ingredient, reasonable consumers are deceived into purchasing a product with added sugar as its second most predominant ingredient.

13. Given that the Product is marketed towards consumers looking to stay fit and healthy, consumers will expect that "evaporated cane juice" bears a relationship to an actual fruit or vegetable source they are familiar with.

14. This results in the impression that the Product is a better nutritional choice than other comparable products which truthfully and non-deceptively identify "sugar" on their ingredient lists.

15. The Product's deceptive labeling is especially egregious because defendant sells products intended to appeal to health-minded consumers.

16. A growing number of consumers, including plaintiff, are paying more attention to the ingredients contained in the foods they eat and are shunning excess, added sugars due to their

---

[1] 21 C.F.R. § 120.1(a).
[2] FDA Guidance, Ingredients Declared as Evaporated Cane Juice (May 2016).

3

association and contribution to ailments and conditions like coronary heart disease, obesity and diabetes.

17. The misleading ingredient name has a material bearing on price and consumer acceptance of the Product because consumers pay more for products with the positive qualities associated with actual juice, including naturally occurring vitamins and minerals.

18. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

19. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

20. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

21. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

22. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.09 per bar of .88g (3.10 oz), excluding tax, compared to other similar products represented in a non-misleading way.

## Jurisdiction and Venue

23. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

24. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

25. Plaintiff Michael Ring is a citizen of New York.

26. Defendant Pervine Foods, LLC is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Allegheny County, Pennsylvania and is a citizen of Pennsylvania and upon information and belief, at least one member of defendant is not a citizen of New York.

27. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

28. Plaintiff Michael Ring is a citizen of Brooklyn, Kings County, New York.

29. Defendant Pervine Foods, LLC is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Pennsylvania, Allegheny County.

30. During the relevant statutes of limitations, plaintiff purchased the Product within his district and/or State for personal consumption and/or use in reliance on the representations that he could identify the sources of the Product's sugar components from its ingredient list.

31. Plaintiff bought the Product because he liked the product type for its intended use and expected sugar to be identified by its common or usual name of "sugar."

32. Plaintiff would buy the Product again if assured the ingredient designations were truthful and not misleading.

## Class Allegations

33. The class will consist of all purchasers of the Product in New York during the applicable statutes of limitations.

34. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

35. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

36. Plaintiff is an adequate representatives because his interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

39. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

40. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

43. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

44. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

45. The presence of ingredients from fruit and vegetables, which is what evaporated cane juice is understood as, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more for such products, believing them to possess the

positive qualities associated with fruits and vegetables, including vitamins, minerals and nutrients.

46. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

47. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

50. The presence of ingredients from fruit and vegetables, which is what evaporated cane juice is understood as, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more for such products, believing them to possess the positive qualities associated with fruits and vegetables, including vitamins, minerals and nutrients.

51. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

52. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

53. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

54. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

55. Plaintiff and class members would not have purchased the Product or paid as much

7

if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

56. Plaintiff incorporates by reference all preceding paragraphs.

57. The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

58. The presence of ingredients from fruit and vegetables, which is what evaporated cane juice is understood as, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more for such products, believing them to possess the positive qualities associated with fruits and vegetables, including vitamins, minerals and nutrients.

59. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

60. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

61. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

62. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

63. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

64. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

8

### Fraud

65. Plaintiff incorporates by reference all preceding paragraphs.

66. The presence of ingredients from fruit and vegetables, which is what evaporated cane juice is understood as, has a material bearing on price and consumer acceptance of the Product because consumers are willing to pay more for such products, believing them to possess the positive qualities associated with fruits and vegetables, including vitamins, minerals and nutrients.

67. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product's ingredient list, which it knew were neither true nor accurate.

68. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;
3. Injunctive relief to remove, correct and/or refrain from the challenged practices and

representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 19, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-01852
United States District Court
Eastern District of New York

Michael Ring, individually and on behalf of all others similarly situated,

          Plaintiff,

 - against -

Pervine Foods, LLC,

          Defendant

## Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
 Great Neck NY 11021-5101
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: April 19, 2020

                      /s/ Spencer Sheehan
                      Spencer Sheehan